Dear Representative Pinac:
This office is in receipt of your request for an opinion of the Attorney General in regard to the authority of a Police Juror when his district lies entirely within the bounds of the municipality. You ask, "What authority does the juror have?"
In numerous opinions this office has recognized that through Title 33 of the Louisiana revised statutes the Legislature has given complete control and jurisdiction over the incorporated area of municipalities to the governing body of each municipality. Atty. Gen. Op. Nos. 96-117, 92-84, 86-296, 84-749. This office recognized since the parish governing authority and the governing authority of municipalities are separate and distinct governing bodies, neither can enforce an ordinance outside of the jurisdiction of that governing body. Accordingly, in Atty. Gen. Op 79-440 this office stated that an ordinance of the police jury would only be enforceable outside a municipality.
In State v. Meche, 724 So.2d 847 (La.App 3rd Cr 1998), the court observed that while there was concurrent exercise of police power by the state and local governments, there was no similar statute to be found giving concurrent exercise of police power to the parish and municipalities other than R.S. 33:1324 which provides a grant of authority to parishes, municipalities and police juries to make agreements between and among themselves to act jointly.
In this regard we find the provisions of R.S. 33:1324 provides for any parish, municipality or political subdivisions of the state, or any combination thereof to make agreements to engage jointly in construction, acquisition, or improvement of public projects or the exercise of any power provided that at least one of the participants to the agreement is authorized under the provisions of law to perform such activity or exercise such power for the completion of the undertaking. The statute specifies that such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement. Additionally, R.S.33:1324.1 provides in order to effect economy of operation any two or more political corporations or subdivision may contract with each other to combine the use of personnel and equipment upon compensation as mutually agreed to by such political corporations and subdivisions.
Therefore, we find the authority of the police juror where the municipality encompasses his district is limited to that shared with the other police jurors of the Parish in the unincorporated areas as set forth in R.S. 33:1236. The municipality has its own governing authority, and unless there is a situation where the police jury enters into a joint agreement with the municipality, the police juror in question has no municipal authority.
Moreover, it should be recognized that the individuals police jurors have no authority acting alone, but their power is in acting jointly as a majority through ordinances or resolutions.
We hope this sufficiently answers your inquiry.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr